**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4822**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDWARD C. CROW,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:14-cr-00009-IMK-JSK-1)

_____

Submitted: April 30, 2015          Decided: May 19, 2015

_____

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Crow was convicted of conspiring to assault with intent to commit murder, in violation of 18 U.S.C. § 371 (2012); assaulting with intent to murder and assaulting with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 2, 7(3), 113(a)(1) (2012); assaulting another inmate resulting in serious bodily injury, in violation of 18 U.S.C. §§ 2, 7(3), 113(a)(6); and possessing a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(3) (2012). The district court sentenced Crow to 275 months of imprisonment. On appeal, Crow argues that the district court imposed an unreasonable sentence. We affirm.

We review Crow's claim that the district court imposed an unreasonable sentence for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence for reasonableness, we first ensure that the district court committed no "significant procedural error," including insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).

In its explanation, the district court need not "robotically tick" through every § 3553(a) factor on the record, particularly when its sentence is within the properly calculated

2

Sentencing Guidelines range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  At the same time, the district court "must make an individualized assessment based on the facts presented."  Gall, 552 U.S. at 50.  "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  We conclude that the district court committed no such procedural error.

We must also examine the substantive reasonableness of the sentences, considering the "totality of the circumstances."  Gall, 552 U.S. at 51.  The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing.  18 U.S.C. § 3553(a).  A properly calculated, within-Guidelines sentence is presumed reasonable on appeal, and an appellant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court's sentence was substantively reasonable.  Crow's sentence fell within the Guidelines range.  Moreover, the district court effectively

3

balanced the applicable § 3553(a) factors, considering the seriousness of the offense and its effect on the victim, as well as Crow's difficult past and personal characteristics.

While the district court's sentence was consecutive, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." Setser v. United States, 132 S. Ct. 1463, 1468 (2012). Here, the district court appropriately recognized that the instant offense was separate and distinct from the previous offense. We thus conclude that the district court's sentence was reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4